IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

      Plaintiff,

    v.

ERIC THOMAS STOLL,

      Defendant.

No. 1:19-CR-00003-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Eric Stoll moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Def.'s Mot. Reduce Sent. 1, ECF No. 52. Because Mr. Stoll does not demonstrate extraordinary and compelling reasons justifying his release, Mr. Stoll's Motion for Compassionate Release is DENIED.

## LEGAL STANDARD

Congress amended 18 U.S.C. § 3582(c)(1)(A) through the First Step Act, allowing a defendant to file a motion for compassionate release directly with the district court after exhausting all administrative remedies. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194 (2018). The Court may grant a defendant's compassionate release if—after considering the sentencing factors set forth in 18 U.S.C. § 3553(a)—the Court finds that "extraordinary and compelling reasons" warrant a sentence reduction, and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Chen*, 48 F.4th 1092, 1094–95 (9th Cir. 2022).

1 – OPINION AND ORDER

"Congress directed the Sentencing Commission to promulgate general policy statements" that guide determinations of extraordinary and compelling reasons warranting a sentence reduction. *Id*. at 1095. However, "the Sentencing Commission has not yet issued a policy statement applicable to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (cleaned up). "In the absence of an applicable policy statement from the Sentencing Commission, the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Chen*, 48 F.4th at 1095.

Although not binding, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Aruda*, 993 F.3d at 802. Extraordinary and compelling reasons may exist where a defendant is suffering from a terminal illness or a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1. The Court may also consider whether the defendant remains a danger to the community. *Id*. § 1B1.13(2).

## DISCUSSION

On October 1, 2020, the Court sentenced Mr. Stoll to two concurrent 108-month sentences for one count of Possession with Intent to Distribute Methamphetamine and one count of Possession with Intent to Distribute Heroin. J. 1, ECF No. 50. Mr. Stoll is currently housed at FCI Sheridan and his projected release date is October 1, 2026. He seeks compassionate release based on generalized complaints of onerous lockdowns and restrictions imposed by the correctional facility in its attempt to manage COVID-19. Def.'s Mot. 1.

Mr. Stoll has not met his burden of demonstrating an extraordinary and compelling reason. Mr. Stoll argues the safety protocols enacted and the resource limitations put on FCI Sheridan during the COVID-19 pandemic were so "onerous" that his sentence was more severe than the Court originally contemplated. Def.'s Mot. 1. Specifically, Mr. Stoll references issues from wildfire smoke, lack of hygiene supplies, lack of family visits, lockdowns, and reduced availability of recreational and work opportunities. *Id*. But general concerns and grievances about facility conditions during the COVID-19 do not justify extraordinary and compelling reasons warranting a reduction in Mr. Stoll's individual sentence. *See Untied States v. Gillespie*, No. 21-30211, 2022 WL 2207302, at *1 (9th Cir. 2022). As submitted, Mr. Stoll's motion reads as a list of grievances against FCI Sheridan. Mr. Stoll has not plead any specific medical condition that was exacerbated by COVID-19, and general health risks associated with COVID-19 in prisons are not extraordinary and compelling reasons to grant release. *See e.g. United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) (compiling Ninth Circuit cases holding the same).

Even if this Court were to find extraordinary and compelling circumstances, it would still deny Mr. Stoll's motion after considering the section 3553(a) factors. Mr. Stoll has a robust history of selling heroin and methamphetamine. PSR, ECF No. 41. Prior to his federal convictions, Mr. Stoll had a lengthy criminal history. PSR ¶¶ 39–45. Given Mr. Stoll's continued involvement in the distribution of controlled substances and his disregard for the harm such substances cause the community, reducing Mr. Stoll's sentence would undermine the seriousness of his offense, respect for the law, and any afforded deterrence.

Additionally, while U.S.S.G. § 1B1.13 is not binding, Mr. Stoll's failure to demonstrate that he is no longer a danger to the community correctly informs the Court's decision. His consistent criminal history, starting in 2012, is replete with assorted offenses involving drugs and

violence, with his most recent offense occurring at the age of 26. PSR ¶ 45. Mr. Stoll provides no release plan to show he will not immediately fall into his old habits. The Court finds that Mr. Stoll, and the community, will benefit from his continued treatment under the services offered by the BOP.

## CONCLUSION

Mr. Stoll's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of October, 2023.

/s/ Michael McShane
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER